IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| MITCHELL MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 11-03509-CV-DGK |
| | ) | |
| v. | ) | |
| | ) | |
| ATARACTIC INVESTMENT | ) | |
| COMPANY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

This case concerns alleged violations of the Americans with Disabilities Act ("ADA") by Defendant resulting in past and future injury to Plaintiff, who seeks equitable relief via an injunctive order by the Court to bring Defendant's property into compliance with the ADA. Defendant has filed a Motion to Dismiss Plaintiff's First Amended Complaint for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3). Defendant also moves to dismiss the amended complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(c). The Court has reviewed this motion to dismiss (Doc. 18) in conjunction with Plaintiff's Amended Complaint (Doc. 15), Defendant's Suggestions in Support (Doc. 19), Plaintiff's Response in Opposition (Doc. 22), and Defendant's Suggestions in Further Support (Doc. 26). For the reasons discussed below, Defendant's motion is DENIED.

**Background**

Defendant Ataractic Investment Company, LLC, is a Missouri Limited Liability Company registered to do business in the state of Missouri. Defendant is the owner, lessee,

and/or operator of real property known as the Fremont Center ("Property"), a shopping center located at 1300 E. Battlefield Road, Springfield, Missouri 65804.[1]

Plaintiff Mitchell Miller is a resident of the state of Oklahoma. Plaintiff is a qualified individual with a disability under the ADA; he suffers from cerebral palsy, which causes him to be confined to a wheelchair and also creates a spasticity in his arms and hands which makes it difficult for him to grip and manipulate objects. Although Plaintiff resides in the Oklahoma City area, he enjoys travelling to Springfield and Branson, where he has vacationed with his family approximately once or twice per year for many years. During these vacations, Plaintiff has visited Defendant's property. The last of these visits occurred November 25, 2011, when Plaintiff browsed through several stores on the Property and made a purchase at a Quiznos Sub Store located on the Property. During this visit, Plaintiff allegedly encountered several barriers to access which limited his ability to utilize and enjoy the goods and services offered at the Property in violation of Title III of the ADA. Plaintiff's amended complaint further alleges that he intends to visit the Property again this summer.

Plaintiff subsequently brought this ADA action. Defendant argues in its motion to dismiss that Plaintiff lacks standing to sue and that this Court accordingly lacks subject matter jurisdiction to hear this case. Defendant also argues that Plaintiff's amended complaint should be dismissed because it does not state a claim which is plausible on its face.

---

[1] Defendant's Answer (Doc. 7) admits that Defendant is the owner, lessee, or operator of a "portion" of the Fremont Center, but states that it "may not" own all of the establishments on the Property or all of the Property itself, and may not own all of the real property and improvements that are the subject of the complaint. This information, however, is not considered by the Court in evaluating a 12(b)(6) motion to dismiss, which concerns only the sufficiency of the Plaintiff's complaint.

**Standard**

## A. Subject Matter Jurisdiction

A motion to dismiss for lack of subject matter jurisdiction may be brought at any time pursuant to Fed. R. Civ. P. 12(h)(3). A 12(h)(3) motion to dismiss is evaluated under the same standards as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). A 12(b)(1) motion may challenge either the factual truthfulness or the facial sufficiency of the plaintiff's jurisdictional allegations. *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 520-21 (8th Cir. 2007). In a facial attack, the Court must "accept as true all factual allegations in the complaint, giving no effect to conclusory allegations of law," and must determine whether the plaintiff has asserted "facts that affirmatively and plausibly suggest that the pleader has the right he claims (here, the right to jurisdiction), rather than facts that are merely consistent with such a right." *Id.*, at 521.

The Eighth Circuit has held that "[w]hen a party seeks to dismiss a suit for lack of standing, [the court] 'must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party.'" *United States v. Metro. St. Louis Sewer Dist.*, 569 F.3d 829, 834 (quoting *Warth v. Seldin*, 422 U.S. 490, 501(1975)).

## B. Failure to State a Claim Upon Which Relief can be Granted

A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint that fails to satisfy the above requirements may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008).

A party may move for judgment on the pleadings after pleadings are closed, so long as the motion is made early enough not to delay trial. Fed. R. Civ. P. 12(c). Although technically a 12(b)(6) motion cannot be filed after an answer has been submitted, Fed. R. Civ. P. 12(h)(2) permits a party to bring a motion to dismiss for failure to state a claim under 12(c), after an answer has been submitted. A motion to dismiss brought under 12(c) is reviewed under the same standard as a 12(b)(6) motion. *See Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). The court assumes the facts alleged in the complaint are true and draws all reasonable inferences from those facts in the plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009).

### Discussion

The Court is asked to decide whether Plaintiff has standing to sue and whether Plaintiff's amended complaint states a claim upon which relief may be granted. The Court will address each of these questions in turn.

**A. Plaintiff has met the Eighth Circuit's standing requirements and has standing to sue.**

The question of standing concerns "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). The Supreme Court has identified three constitutional requirements a litigant must meet

4

in order to have standing to sue in federal court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citations omitted). First, the litigant must show that he has suffered an "injury in fact." *Id.* Second, the litigant must show a causal relationship between the injury and the challenged action of a defendant. *Id.* Third, it must be "likely" that the litigant's injury will be redressed by a favorable decision of the court. *Id.*

Defendant does not challenge the sufficiency of Plaintiff's complaint with regard to the second or third standing requirements. The Court has been asked only to determine whether Plaintiff's amended complaint has made the required showing of an injury in fact.

An injury in fact is "an invasion of a legally protected interest" which is "concrete and particularized" and "actual or imminent, not 'conjectural or hypothetical.'" *Id.* Litigants seeking equitable relief from future harm are required to show an imminent, concrete, and particularized injury to meet the first constitutional standing requirement. *Lujan*, 504 U.S. at 560, 564 (citations omitted). In other words, litigants seeking an injunction must show that they are "immediately in danger of sustaining some direct injury as the result of the challenged…conduct and [that] the …threat of injury [is] both real and immediate." *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000) (citations omitted). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief…if unaccompanied by any continuing, present adverse effects." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (citations omitted).

Defendant challenges Plaintiff's assertion that he will return to the Property this summer. Defendant argues that Plaintiff is unlikely to return to the Property, despite his alleged plans to do so, and has therefore not shown an imminent, concrete, and particularized injury. Defendant asks that the Court apply a four factor test, used by the District Court for the District of Nebraska

5

in *Brown v. Grandmother's, Inc*., to assess the likelihood that Plaintiff will actually return to the Property and suffer injury thereon. The four factors are as follows:

> (1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) plaintiff's frequency of travel near defendant.

*Brown v. Grandmother's, Inc.*, No. 4:09-CV-3088, 2010 WL 611002, at *6 (D. Neb. Feb. 17, 2010). Notwithstanding Defendant's assertion that the four factor *Brown* test has been adopted by courts "throughout the Eighth Circuit," however, only the District of Nebraska has explicitly adopted the test. Other courts in the Eighth Circuit have declined to apply it. *See*, *e.g.*, *Gaylor v. GS Brentwood LLC*, No. 4:11-CV-506 CAS, 2011 WL 5079588, at *3 (E.D. Mo. 2011) (declining to use the four factor test and concluding that plaintiff's "concrete intention" to return to the place of injury was adequate to show a likelihood of future harm).

Defendant contends that the four factor *Brown* test has been "endorsed" in "at least 16" recent cases in this Court. *See Betancourt v. 2 Combs Enter.*, *Inc.*, No. 10-3364-CV-S-MJW, 2011 WL 846849, at *2 (W.D. Mo. Mar. 8, 2011); *see*, *e.g.*, *Steelman v. Bat-Kim*, 6:11-CV-03439-RED, Doc. 19 (W.D. Mo. Mar. 3, 2012). This is not entirely accurate. In *Betancourt*, the court considered the four *Brown* factors only *after* concluding that that plaintiff had met the Eighth Circuit's requirements for standing to sue. *See Betancourt*, 2011 WL 846849, at *2 ("In applying the law of the Eighth Circuit…plaintiff's allegations are sufficient"). The court did not adopt or "endorse" the *Brown* test; it simply noted that "even the [four factor *Brown* test] cited by defendant, and used by some courts…support[s] sufficiency of plaintiff's claims." *Id.* The *Steelman* cases cited by Defendant as endorsing the four factor *Brown* test are currently pending. Judge Dorr has issued a global order to all parties requesting concise briefs on the likelihood of future injury to the plaintiff; in a footnote to the order, Judge Dorr noted that *Brown* contained

6

"factors relating to [the likelihood of injury] issue." *See, e.g.*, *Steelman*, 6:11-CV-03439-RED, Doc. 19. Judge Dorr's order does not indicate, as Defendant has asserted, that the plaintiff's standing will necessarily be determined using the *Brown* factors. Even if the Court applied the four factor test, as Defendant requests, it would not be obliged to grant Defendant's motion to dismiss.[2]

The Court is bound by the Eighth Circuit's decision in *Steger v. Franco*, which establishes the minimum showing of an injury in fact required for a plaintiff to have standing to sue for equitable relief: "Although plaintiffs need not engage in the 'futile gesture' of visiting a building containing known barriers that the owner has no intention of remedying…they must *at least* prove knowledge of the barriers and that they would visit the building in the imminent future but for those barriers." *Steger*, 228 F.3d at 892 (citations omitted, emphasis added).

Plaintiff has exceeded the minimum showing of injury in fact required by *Steger*. Plaintiff has alleged in his amended complaint that during his last visit to the Property, he personally encountered several barriers to access. Given that in a 12(b)(1) (or, in this case, a 12(h)(3)) facial attack the Court must presume that all factual allegations in the amended complaint are true, the Court finds that Plaintiff has shown knowledge of the barriers on the Property.

---

[2] The first factor, proximity, weighs against Plaintiff, but is not dispositive. The Western District upheld the plaintiff's standing to sue in *Betancourt* despite the plaintiff's residence being located in Winfield, KS, over 220 miles from the defendant's property in Springfield, MO. *Betancourt*, 2011 WL 846849, at *2. The second factor, past patronage, weighs in favor of Plaintiff, who alleges that he "last visited" and patronized the Property on November 25, 2011; although the November 25th date is the only date alleged, a reasonable inference from the language used in the complaint is that Plaintiff has visited and/or patronized the Property on more than one occasion in the past. The third factor, definitiveness of the plaintiff's plans, is at worst neutral for Plaintiff, who has not provided specific dates for his return but has alleged that he will return this summer, which is more than a "general desire to return" or a "some day" intention. The fourth factor, frequency of the plaintiff's travel near the defendant, weighs in favor of Plaintiff. Plaintiff has alleged that he travels in the vicinity of the Property once or twice a year on vacation; this is sufficient to support Plaintiff's likelihood to return. *See Betancourt*, 2011 WL 846849, at *2 (holding that plaintiff's travelling twice yearly to Springfield, MO, where defendant's business was located, supported likelihood of return under the fourth *Brown* factor).

7

Plaintiff's amended complaint also alleges that he will visit the Property again this summer. This exceeds the minimum showing required by *Steger*. Plaintiff has not merely shown that he would visit the Property in the imminent future but for the barriers, he has shown that he *will* visit the Property in the imminent future whether the barriers are removed or not. Because Plaintiff alleges that he will visit the Property this summer, and that the Property contains barriers to access in violation of Title III of the ADA, he has shown an imminent, concrete, and particularized injury and has standing to sue for equitable relief.

Defendant argues that the *Steger* test addresses only whether a plaintiff has standing if the plaintiff has not actually experienced the architectural barrier. There is nothing in the language of the *Steger* opinion to suggest that the Eighth Circuit intended this narrow application of the rule. Defendant's interpretation of *Steger* would impose stricter standing requirements on plaintiffs that have actually visited a defendant's property and encountered barriers to access firsthand than on plaintiffs that have never visited the defendant's property at all. This Court's interpretation of *Steger* is consistent with several other courts in the Eighth Circuit, which have applied the *Steger* test even in cases where the plaintiff *has* actually experienced the architectural barrier. *See, e.g.*, *Betancourt*, 2011 WL 846849, at *2 (citing the *Steger* rule where plaintiff had visited defendant's property and encountered architectural barriers prior to filing suit); *Gaylor*, 2011 WL 5079588, at *2 (same); *Brown*, 2010 WL 611002, at *6 (same).

**B. Plaintiff has stated a claim upon which relief can be granted under Title III of the ADA.**

Plaintiff seeks recovery under Title III of the ADA, which prohibits discrimination against disabled persons by places of public accommodation. *See* 42 U.S.C. § 12182(a). To state a valid Title III claim, Plaintiff must allege:

> (1) that he is disabled within the meaning of the ADA, (2) that the defendant is a private entity that owns, leases, or operates a place of public accommodation, (3)

that the defendant took adverse action against the plaintiff that was based upon the plaintiff's disability, and (4) that the defendant failed to make reasonable modifications that would accommodate the plaintiff's disability without fundamentally altering the nature of the public accommodation.

*Amir v. St. Louis Univ.*, 184 F.3d 1017, 1027 (8th Cir. 1999) (citing 42 U.S.C. § 12182(a); 42 U.S.C. § 12182(b)(2)(A)(ii)). Defendant challenges the sufficiency of Plaintiff's pleadings only on the third requirement.

Defendant asserts that the allegations of architectural barriers in Plaintiff's amended complaint are not sufficient, even if true, to establish that Defendant took adverse action against Plaintiff that was based on Plaintiff's disability. Defendant notes that Plaintiff has failed to tie the alleged barriers he encountered to specific violations of the ADA Accessibility Guidelines ("ADAAG"). Defendant contends that because Plaintiff has failed to specify which alleged barriers on the Property do not meet ADAAG requirements, Defendant "can only speculate" as to which specific barriers are the subject of Plaintiff's complaint.

Defendant first argues that the "vague list of violations" alleged in the complaint fails to meet the pleading requirements of Fed. R. Civ. P. 8. However, the Rule 8 pleading standard does not require "detailed factual allegations," only more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Defendant has cited no case law in support of its assertion that a valid Title III claim requires plaintiffs to tie specific barriers to violations of ADAAG requirements. Because of the "impracticality of specifically identifying a parking space, curb cut, or sidewalk in a complaint, this level of specificity is not required" to allege a valid claim under Title III. *Gaylor*, 2011 WL 5079588, at *4 (citing *Steger*, 228 F.3d at 894). Instead, Defendant's "concerns about specifically identifying the alleged violations can be addressed during discovery." *Id*.

Defendant further argues that because it does not own, lease, or operate all of the establishments located on the Property, Plaintiff's allegations are not specific enough to establish that Defendant took adverse action against him. The Court does not agree. In reviewing a motion to dismiss for failure to state a claim, the Court assumes the facts alleged in the complaint are true. *Monson*, 589 F.3d at 961. Plaintiff has alleged that Defendant is the owner, lessee, and/or operator of the Property, and that he encountered barriers throughout the Property. Plaintiff has specifically alleged that he encountered curb cuts with excessive slopes and very steep side flares near the Heritage Cafeteria, and that he had difficulty navigating the sidewalks near Play It Again Sports due to excessive slopes and lack of proper handrails. Plaintiff alleges that these barriers presented hazards to him because of his use of a wheelchair.

Plaintiff's complaint is more than just "a wholesale audit of…the premises," as Defendant claims. It is more than just a "formulaic recitation" of the elements of the claim. Plaintiff's case is also distinguishable from *Chapman v. Pier 1 Imports*, the Ninth Circuit case Defendant cites in support of its 12(c) motion. In *Chapman*, the plaintiff alleged that he was disabled, visited the defendant's property, and encountered architectural barriers denying him full and equal access, but "never allege[d] what those barriers were and how his disability was affected by them so as to deny him...access." *Chapman v. Pier 1 Imports, Inc.*, 631 F.3d 939, 954 (9th Cir. 2011). The plaintiff in *Chapman* did "not even attempt to relate the alleged violations to his disability." *Chapman*, 631 F.3d at 955. Plaintiff, in contrast, has alleged what the barriers he encountered were and how his disability was affected by them.

## Conclusion

The Court holds that Plaintiff has standing to sue Defendant, having shown an injury in fact under the requirements articulated by the Eighth Circuit in *Steger*. The Court further holds

that Plaintiff has plead factual allegations sufficient to state a claim upon which relief can be granted under Title III of the ADA. Therefore, Defendant's motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3) and for failure to state a claim under Fed. R. Civ. P. 12(c) is DENIED.

**IT IS SO ORDERED.**

Date: July 11, 2012                                             /s/ Greg Kays
                                                                GREG KAYS, JUDGE
                                                                UNITED STATES DISTRICT COURT

11

Case 6:11-cv-03509-DGK   Document 29   Filed 07/11/12   Page 11 of 11