IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| MITCHELL MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 11-03509-CV-DGK |
| | ) | |
| v. | ) | |
| | ) | |
| ATARACTIC INVESTMENT COMPANY, LLC, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING DEFENDANT'S MOTION FOR STAY

This case concerns alleged violations of the Americans with Disabilities Act ("ADA") by Defendant Ataractic Investment Company, LLC. Pending before the Court is Defendant's Motion for Temporary Stay Relief from Discovery and Litigation and Motion to Modify the Scheduling and Trial Order (Doc. 40) and Defendant's Motion for Extension of Time to Respond to Discovery (Doc. 35).

A stay is an extraordinary measure, *United States v. Breyer*, 41 F.3d 884, 893 (3d Cir. 1994), and the moving party bears the burden of persuading the court to take this extraordinary measure. *Landis v. North Am. Co.*, 299 U.S. 248, 256 (1936). Courts have considered the following factors in determining whether a stay is warranted: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved. . ." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal 1997).

Here, the Court finds Defendant has failed to meet its burden of demonstrating that complying with the Court's discovery and trial order would cause undue hardship or inequity. Defendant requests that the Court stay this litigation until Defendant can conduct the remedial

measures it has "planned to resolve Miller's remaining architectural barrier claims" (Doc. 40, p. 2) which should be completed by July 2013. However, this is not an adequate reason to stay this case since the ordinary cost of litigation is not the kind of undue hardship or inequity for which courts typically grant a stay. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005). If Defendant wishes to avoid the significant costs associated with litigation, it is free to enter into a settlement with Plaintiff prior to trial.

Accordingly, Defendant's motion for stay (Doc. 40) is denied. Defendant is granted leave until December 24, 2012 to fully comply with discovery.

**IT IS SO ORDERED.**

Date: December 11, 2012  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT